IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
|  | **STANDING ORDER IN CIVIL CASES RE: MOTIONS FOR SUMMARY JUDGMENT, REQUESTS FOR EXTENSIONS OF TIME, REQUESTS TO FILE AN OVERLENGTH MEMORANDUM, AND REQUESTS FOR LEAVE TO FILE A SURREPLY**<br><br>District Judge Jill N. Parrish |

The court issues the following standing order in this case regarding procedures that supersede the court's local rules with respect to motions for summary judgment, requests for extensions of time, requests to file an overlength memorandum, and requests for leave to file a surreply.

Because this order establishes new procedures, all counsel are required to file, within seven days, a Notice of Acknowledgment. That notice must: (i) be signed by counsel; and (ii) verify that counsel carefully read and will comply with this order.

**PROCEDURES GOVERNING MOTIONS FOR SUMMARY JUDGMENT**

The following procedures apply to all motions for summary judgment:

(1) A motion for summary judgment must contain a Statement of Material Facts claimed not to be genuinely disputed. Each fact must be separately stated in

numbered paragraphs and supported by citation to the record as required under Federal Rule of Civil Procedure 56(c) and supplemented by DUCivR 56-1(f).

(2) A memorandum opposing the motion must include a verbatim restatement of each of the moving party's facts that is in dispute with an explanation of the grounds for the dispute supported by citation to the record as required under Federal Rule of Civil Procedure 56(c) and supplemented by DUCivR 56-1(f). The memorandum may contain a separate Statement of Additional Materials Facts in Dispute. Any additional facts must be separately stated in numbered paragraphs and similarly supported.

(3) The motion and the memorandum opposing the motion may contain a concise statement of facts, with appropriate citations to the record, whether disputed or undisputed, for the limited purpose of providing background and context for the case, dispute and motion.

These requirements completely supersede DUCivR 56-1(b)-(d). Thus Judge Parrish requires a traditionally-formatted motion for summary judgment and the parties <u>should not</u> include a "Statement of Elements" section or "Response to Statement of Elements" section. All legal argument should be confined to the argument section, and all facts should be included in the Statement of Undisputed Material Facts, the Statement of Additional Material Facts in Dispute, or the background facts sections respectively.

**MULTIPLE MOTIONS**

Litigants should file a single motion to dismiss or motion for summary judgment. Absent permission from the court, Judge Parrish does not allow the practice of filing a separate motion for each cause of action.

If multiple parties are represented by the same attorney, motions and responses should be consolidated to a single document where practicable. If an attorney represents multiple defendants, for example, that attorney should avoid filing a motion to dismiss or motion for summary judgment for each defendant where the defendants have similar arguments. The attorney should instead note any differences between the motions brought by individual defendants in separate sections of a single brief, avoiding repetition where possible. Similarly, an attorney representing multiple plaintiffs should file a single response to each motion to dismiss or motion for summary judgment. The court may strike portions of briefs that are repetitive or that have been cut and pasted from other documents filed with the court.

## COURTESY COPIES

Litigants need not provide courtesy copies of motions or memoranda filed with the court. But at the time of filing, parties must supply the court with one hard copy of the exhibits supporting a motion for summary judgment or a response to a motion for summary judgment. Parties should also provide a courtesy copy of exhibits supporting any other motion or memorandum if the exhibits are both voluminous and necessary to the resolution of the motion before the court. The exhibits should be tabbed, indexed, and placed in a three-ring binder or velobound.

## PROCEDURES GOVERNING REQUESTS FOR EXTENSIONS OF TIME, REQUESTS TO FILE AN OVERLENGTH MEMORANDUM, AND REQEUSTS FOR LEAVE TO FILE A SURREPLY

Except for extensions of time granted by the clerk of the court under DUCivR 77-2, the following procedures apply to all requests for extensions of time, requests to file an overlength memorandum, and requests for leave to file a surreply when such requests relate to a dispositive

motion that will be heard by Judge Parrish.[1] These procedures do not apply to requests relating to motions pending before a Magistrate Judge.[2] If the parties have any questions about whether a motion is referred to a Magistrate Judge or will be heard by Judge Parrish, please contact chambers.

Failure to follow these procedures will result in denial of the party's request for an extension of time, permission to file an overlength memorandum, or for leave to file a surreply. With this in mind, the court sets forth the following rules governing the aforementioned requests:

1. No request of this kind may be filed as ex parte.

2. Prior to filing such a request, a party must confer with opposing counsel with the intent to obtain a stipulation. This conference may take place by email or phone, but it is insufficient to simply send an email or leave a voicemail immediately prior to filing the request. If a stipulation cannot be reached, the party filing the motion should outline all efforts to confer with opposing counsel and obtain a stipulation.

3. If the parties stipulate to the request, the motion should be styled as a "Stipulated Motion" and no response to the request will be anticipated. If the opposing party did not stipulate to the request, then it must file an opposition to the request within three business days from the date the request is filed. There will be no reply.

4. When a motion of this kind is filed, the time for response in opposition is three business days from the date the motion was filed. There will be no reply.

5. Any memorandum supporting or opposing the request is limited to four total pages, including the caption page, but excluding the certificate of service.

---

[1] For example, the court's standing order would apply to all motions for leave to file an overlength brief, leave to file a surreply or an extension of time that relate to a motion to dismiss, motion for summary judgment, motion for injunctive relief, motion for terminating sanctions or pretrial motions in limine.

[2] Matters typically referred to a Magistrate Judge include discovery motions and other non-dispositive motions.

6. The court notes that it disfavors requests to file overlength memoranda. Thus, all such requests must identify the number of additional pages requested, the reasons why additional pages are necessary, and what efforts the party has made to comply with the page limits allowed under the local rules.

        BY THE COURT

        _____
        Jill N. Parrish
        United States District Court Judge