UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., KATIE BROOKS and NANNETTE WRIDE,<br><br>Plaintiffs,<br><br>v.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah Corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah Corporation; COLLEGEAMERICA DENVER, INC., a Colorado Corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado Corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana Corporation; CARL BARNEY, an individual; and DOES 1-500, Inclusive,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO QUASH (ECF NOS. 320 & 321)**<br><br>Case No. 2:15-cv-00119-JNP-EJF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Non-parties Duane Morris LLP and Keith Zakarin, Esq. (collectively, "Duane Morris Non-Parties") moved this Court for an Order quashing certain Requests contained in Subpoenas issued by Katie Brooks and Nannette Wride ("Brooks and Wride") to the Duane Morris Non-Parties. (ECF No. 320.) Stevens-Henager College, Inc., California College San Diego, Inc., Collegeamerica Denver, Inc., Collegeamerica Arizona, Inc., Center For Excellence In Higher Education, Inc., and Carl Barney (the "Stevens-Henager Defendants") also moved this Court for an Order quashing certain Requests contained in the Subpoenas issued to the Duane Morris Non-Parties. (ECF No. 321.) The Court previously ruled on portions of these motions. (ECF No. 340.) The remaining dispute concerns the documents sought in Requests 9 through 13 of the Subpoenas.

The Court reviewed the papers submitted by the Duane Morris Non-Parties, the Stevens-Henager Defendants, the Oppositions thereto, and the arguments of counsel. The Federal Rules of Civil Procedure permit a party to acquire discovery

1

on any matter (1) not privileged, (2) relevant to the claim or defense of any party, and (3) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). At the outset, the Court notes Brooks and Wride agreed to limit Request 9 of both Subpoenas to the issue of compensation for admission consultants. (Letter from Mark to Gombos dated May 20, 2017, ECF No. 326 at 8.)

As to privilege, neither the attorney-client privilege nor the work product protection shield attorney compensation arrangements. In re Grand Jury Subpoenas, 906 F.2d 1485, 1492 (10th Cir. 1990). While descriptions of attorney work may be privileged or protected in some circumstances, they are not where the client asserts the advice-of-counsel defense on the subject matter, as asserted in this case regarding the documents sought in Request 9. As to Requests 10 through 13, the responding parties may redact privileged or protected material but have to produce the requested documentation regarding compensation.

As to relevance, Requests 9 through 13 explore the nature of the relationship between the attorneys providing the advice relied upon and their clients. The reasonableness of the Stevens-Henager Defendants' reliance on the advice of counsel could be influenced by the nature of their relationship with the attorneys providing the advice. Thus the relationship has relevance to the case. Balsley v. LFP, Inc., 691 F.3d 747, 762 (6th Cir. 2012).

As to proportionality, Brooks and Wride do not offer specific evidence of bias in the relationship between the attorneys and the Stevens-Henager Defendants that would undermine the Stevens-Henager Defendants' ability to rely on their advice. Nonetheless, the case is in discovery, and reliance on advice of counsel is a key defense to a central claim in the case, worth potentially millions of dollars. On the other hand, the requests are quite extensive and could prove extremely burdensome

to nonparties. That said, these nonparties have an interest in the outcome of the case given the reliance on their advice and the potential consequences to their reputations. As to ability to obtain the requested discovery, Brooks and Wride attempted to obtain this information from the Stevens-Henager Defendants. The docket in this case details the difficulty in obtaining discovery from the Stevens-Henager Defendants. Indeed, this information will likely be more easily obtained from the Duane Morris Non-Parties.

Given these considerations, the Court modifies the Subpoenas as follows. Based on Court rulings and the exchanges of the parties regarding the issue of reliance on advice of counsel, the Court will limit Request 9 of both Subpoenas to documents between January 1, 2006 and April 1, 2014. Because the surmised biased advice occurred in 2006 for the 2007 year, the Court will limit the time for Requests 10-13 to January 1, 2005 through December 31, 2007. The Court further replaces "All documents relating to or reflecting" in Requests 10 and 13 with "Documents sufficient to identify." With these limitations, the subpoenas are proportional to the needs of the case.

Should discovery produce reason to believe more documents would have relevance and the requests would be proportional and not privileged, Brooks and Wride may move the Court for a modification of this Order.

Therefore, ON THIS 27th day of December, 2017 the Court GRANTS in part and DENIES in part the Duane Morris Non-Parties and the Stevens-Henager Defendants' motions to quash (ECF Nos. 320 & 321).

Hon. Evelyn J. Furse
United States Magistrate Judge