IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KATIE BROOKS and NANNETTE WRIDE, *Plaintiffs*, v. STEVENS-HENAGER COLLEGE, *et al.*, *Defendants*. | **ORDER DENYING MOTION TO SEAL FOURTH AMENDED COMPLAINT AND UNSEALING FOURTH AMENDED COMPLAINT** <br><br> Case No. 2:15-cv-119-JNP-EJF <br><br> District Judge Jill N. Parrish |

Defendants have filed a Motion to Seal Portions of Relators' Fourth Amended Complaint. They request that paragraph 116 and footnote 26 of Relators' fourth amended complaint permanently remain under seal. Those portions of the complaint provide:

> **Paragraph 116**: The performance measurements upon which bonuses could be earned included the following enrollment-related categories: campus interview conversion (interview-to-start ratio), enrollment percentage, retention, [n.26] and upgrades. All four of these criteria are a direct or indirect measure of success in enrolling students, and the ICB prohibits the payment of any type of bonuses relating to such measures.
>
> **Footnote 26**: Defendant Schools were subsequently informed by their lawyer, after paying these bonuses for years, that incentive compensation based on retention goals is prohibited by the ICB.

Defendants contend paragraph 116 and, in particular, footnote 26 contain information protected by the attorney-client privilege. Supposedly, the information in footnote 26 came from an email correspondence between Defendants' in-house counsel and Defendants' outside counsel at the time, Duane Morris LLP. According to Relators, the email correspondence was provided to them by Duane Morris in response to a subpoena.

The email correspondence between Defendants' in-house counsel and Duane Morris is not protected by the attorney-client privilege because Defendants have put counsel's advice at issue by asserting an advice-of-counsel defense. *See United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) ("[W]hen a party interjects the advice of counsel as an essential element of a claim or defense . . . that party waives the privilege as to all advice received concerning the same subject matter." (citation omitted)). Because of this, there is no basis to seal paragraph 116 and footnote 26 of the Relators' fourth amended complaint. Defendants have not requested that the court seal any other portions of the fourth amended complaint. Accordingly, the Motion to Seal Portions of Relators' Fourth Amended Complaint is DENIED.[1] The clerk of the court is directed to unseal Relators' fourth amended complaint (ECF Nos. 429 & 427).

Signed June 4, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] Defendants also failed to comply with Local Rule 5-3(b)(1), which required that they file a proposed sealed document.