| | |
|---|---|
| Alan L. Sullivan (3152) | Steven M. Gombos (Admitted pro hac vice) |
| Paul W. Shakespear (14113) | Gerald M. Ritzert (Admitted pro hac vice) |
| Snell & Wilmer (UT) | GOMBOS LEYTON, P.C. |
| 15 W. South Temple, Ste. 1200 | 11350 Random Hills Road, Suite 400 |
| Gateway Tower West | Fairfax, VA 22030 |
| Salt Lake City, Utah 84101 | Telephone:  (703) 934-2660 |
| Telephone: (801) 257-1900 | Email:  sgombos@glpclaw.com |
| Email:  asullivan@swlaw.com | gritzert@glpclaw.com |
| pshakespear@swlaw.com | |

Attorneys for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANETTE WRIDE,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah corporation; COLLEGEAMERICA DENVER, INC., a Colorado corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC., an Indiana corporation; CARL BARNEY, an individual; and DOES 1-500, Inclusive,   et al.,<br><br>Defendants. | **DEFENDANTS' MOTION FOR LEAVE TO TAKE JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201**<br><br>Case No. 2:15-cv-00119-CW-EHF<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

**Relief Sought**

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, Defendants bring this Motion to Take Judicial Notice ("Motion") of the following federal government publications for purposes of deciding the Defendants' Motion to Dismiss Relators' Fourth Amended Complaint and Defendants' Motion to Dismiss the Government's Amended Complaint in Intervention:

1. Memorandum from William D. Hansen, Deputy Secretary of the Department of Education to Terri Shaw, Chief Operating Officer of Federal Student Aid 1 (October 30, 2002) ("**Hansen Memo**") (copy attached hereto as **Exhibit A**).

2. Memorandum from Ted Mitchell, Under Secretary of the Department of Education, to James Runcie, Chief Operating Officer of Federal Student Aid (June 2, 2015) ("**Mitchell Memo**") (copy attached hereto as **Exhibit B**).

3. Department of Education, Office of Inspector General, ED-OIG/A05N0012, Final Audit Report 9 (March 24, 2015) ("**OIG Final Audit Report**"), https://www2.ed.gov/about/offices/list/oig/auditreports/fy2015/a05n0012.pdf (copy attached hereto as **Exhibit C**);

4. United States Government Accountability Office ("GAO") Report to Congressional Committees: Stronger Federal Oversight Needed to Enforce Ban on Incentive Payments to School Recruiters (October 7, 2010) ("**October 7, 2010 GAO Report**"), http://www.gao.gov/assets/320/311169.pdf (copy attached hereto as **Exhibit D**).

5. Government Accounting Office, GAO-10-370R, Higher Education: Information on Incentive Compensation Violations Substantiated by the U.S. Department of Education (February 23, 2010) (Rev. March 12, 2010) ("**February 23, 2010 GAO Report**"), http://www.gao.gov/assets/100/96559.pdf (copy attached hereto as **Exhibit E**).

1

**Background**

In *Universal Health Servs. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2003-04 (2016), the Supreme Court announced a heightened pleading standard for materiality under the False Claims Act ("FCA") that requires courts to look to the actual policy decisions of an agency when assessing whether noncompliance with a regulatory requirement actually affected that agency's decision to pay claims. *See also U.S. ex rel. Harman v. Trinity Indus.*, 872 F.3d 645, 667-78 (5th Cir. 2017) (where "we have the benefit of hindsight . . . we should not ignore what actually occurred) (quoting *U.S. ex rel. Mcbride v. Halliburton, Co.*, 848 F.3d 1027, 1034 (D.C. Cir. 2017)).

The Department of Education ("Department") publicly issued statements of policy unequivocally establishing its intent to treat violations of the Incentive Compensation Ban (ICB) as mere regulatory violations–as opposed to a basis to require the return of Title IV funds.  In 2002, through the Hansen memo, the Department publicly announced its policy that violations of the ICB were to be enforced with fines rather than the return of Title IV funds.  (Ex. A).  The Department explained that violations of the ICB did not result in monetary loss because "[i]mproper recruiting does not render a recruited student ineligible to receive student aid funds for attendance at the institution on whose behalf the recruiting is conducted." *Id.*

The Department confirmed that it operated pursuant to this policy when it issued the Mitchell Memo in 2015, which expressly rescinded the Hansen Memo.  (Ex. B).  The Mitchell Memo unambiguously states that the Hansen Memo "changed the Department's approach for measuring damages in the context of establishing administrative liabilities, to view a violation of [the ICB] as not resulting in monetary loss to the Department." *Id.*

Two separate federal agencies (the GAO and the OIG) confirmed that the Department acted in accordance with the policy as stated in the Hansen Memo.  (*See* Exs. C, D, E.)  In the attached

GAO and OIG reports, these agencies reviewed the Department's enforcement practices with the ICB and determined that the Department acted in accordance with the policy stated in the Hansen Memo.  *See Id.*

## Argument

While ordinarily a motion to dismiss must be converted to a motion for summary judgment when the court considers matters outside the Complaint, matters that are judicially noticeable do not have that effect. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  This allows courts to "take judicial notice of its own files and records, as well as facts which are a matter of public record." Id. (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). Federal Rule of Evidence 201(b) states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *See also N.M. ex rel. Richardson v. BLM*, 565 F.3d 683, 703, n. 22 (10th Cir. 2009) (The websites of two federal agencies containing numerous references to falcon releases "is not subject to reasonable factual dispute and is capable of determination using sources whose accuracy cannot reasonably be questioned, and we take judicial notice thereof").

The Tenth Circuit freely allows judicial notice of the content of public documents. *Tal*, 453 at 1265 n. 24; *See also Harjo v. City of Albuquerque*, 2018 U.S. Dist. LEXIS 567, *38 (D.N.M 2018) ("if a party requests that the court take judicial notice of certain facts, and supplies the necessary information to the court, judicial notice is mandatory").

Under Rule 201, this Court must, at a minimum, consider the contents of the Hansen Memo (Ex. A) and Mitchell Memo (Ex. B) to show the Department's written enforcement policy for ICB violations (*i.e.*, its intent to treat ICB violations as not resulting in a monetary loss to the

Department and to address the effect this policy had on regulated institutions. *In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1212 (D.N.M. 2017) (taking judicial notice of a Memorandum of Agreement between tobacco company and FDA appropriate to show intent of parties to undertake certain actions). The Department's intent and its publication of that intent, are both highly relevant to the issue of whether Defendants' knew or had reason to know that the Department considered violations of the ICB material to their decision to pay claims for Title IV funds. Consideration of the Hansen and Mitchell Memoranda to show the Department's intent and their publication of policy statements does not go to the truth of the matters asserted in the documents. For example, the Hansen Memo asserts that the Department did not view ICB violations as resulting in a monetary loss to the Department. The Mitchell Memo, issued in 2015, states that ICB violations do result in monetary loss. Defendants do not ask this Court to consider whether the ICB actually results in a monetary loss to the Department, which would go to the truth of the matters asserted in the two Memoranda. Rather, the Hansen Memo shows that in 2002, the Department believed there was not monetary loss and intended to enforce the ICB on that premise. No reasonable dispute as to the accuracy or authenticity of those documents can exist.

      Additionally, the contents of the GAO (Exs. D, E) and OIG (Ex. C) Reports show that other government offices reviewed and confirmed that the Department operated pursuant to its policy as stated in the Hansen Memo. As with the Hansen and Mitchell Memos, there can be no reasonable dispute as to the accuracy or authenticity of the GAO and OIG Reports. These independent reports reveal that GAO and OIG reviewed the Department's policies and enforcement of the ICB and found that corrective action and occasional fines–not the return of Title IV funds or loss of Title IV eligibility–was almost exclusively the penalty for ICB non-compliance. Such facts are

appropriate for judicial notice. *In re Santa Fe Natural Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.*, 288 F. Supp. 3d 1087, 1212 (D.N.M. 2017) (taking judicial notice of the contents of an FTC Staff Guidance Request at the 12(b)(6) stage because it was available of the FTC's website). *Harjo v. City of Albuquerque*, 2018 U.S. Dist. LEXIS 567, *91 n. 12 (D.N.M 2018) (taking judicial notice of entries in the City's 2016, 2017, and 2018 budgets at 12(b)(6) stage to show correlation between official salaries and vehicle forfeiture program revenue).

Notwithstanding the Tenth Circuit's general prohibition of using judicially noticed documents to show the truth of the matters contained therein at the 12(b)(6) state, in *Escobar*, the Supreme Court requires that this Court look to the actual policies of the Department in enforcing the ICB. 136 S. Ct. at 2003-04. Plaintiffs cannot creatively plead around this requirement by omitting unassailable statements of the Department's own policy and government reports verifying that policy. Other Circuits have held that when applying Escobar's rigorous and demanding materiality standard, evidence of how an agency actually enforced compliance cannot be ignored. *Harman.*, 872 F.3d at 667-78 (5th Cir. 2017) (where "we have the benefit of hindsight . . . we should not ignore what actually occurred); *McBride*, 848 F.3d at 1032 ("courts need not opine in the abstract when the record offers insight into the Government's actual payment decisions" (Citing *Escobar*, 136 S. Ct. at 2002); U.S. ex rel. Ruckh v. Salus Rehab., LLC, 2018 U.S. Dist. LEXIS 5148, * 32 (M.D. Fla. 2018) (reversing a jury verdict due to the "insurmountable burden of proving that the government would not do exactly what history demonstrates the government in fact did").

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court take judicial notice of Exhibits A, B, C, D, and E to for the purpose of establishing that the Department did not

5

enforce the ICB by seeking the return of Title IV funds or by terminating or limiting participation in Title IV programs.

In the alternative, Defendants respectfully request that this Court take judicial notice of the contents of (1) Exhibits A and B to show that the Department intended to enforce the ICB with fines, as opposed to denying Title IV funds, and that the Department's policy was known to regulated institutions and (2) Exhibits C, D, and E to show that the OIG and GAO reviewed the Department's ICB policies and enforcement practices and concluded that the Department acted in accordance with its policies as stated in Exhibit A.

DATED this 15th day of June 2018.

**SNELL & WILMER L.L.P.**

Alan L. Sullivan
Paul W. Shakespear

**GOMBOS LEYTON, P.C.**

 /s/ Steven M. Gombos
Steven M. Gombos
Gerald M. Ritzert

*Counsel for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2018, I served the foregoing document via the court's CM/ECF electronic filing system to all counsel of record, including the following:

Brandon J. Mark, bmark@parsonsbehle.com
Alissa M. Mellem, amellem@parsonsbehle.com
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
*Counsel for Relators Katie Brooks and Nannette Wride*

Jay D. Majors, jay.majors@usdoj.gov
John W. Black, john.w.black@usdoj.gov
U.S. Attorney's Office
U.S. Department of Justice
601 D Street, N.W., Room 9530
Washington, DC 20004

*Counsel for Plaintiff United States of America*

/s/ Steven M. Gombos
STEVEN M. GOMBOS