| | |
|---|---|
| Alan L. Sullivan (3152) | Steven M. Gombos (*pro hac vice*) |
| Paul W. Shakespear (14113) | Gerald M. Ritzert (*pro hac vice*) |
| SNELL & WILMER (UT) | GOMBOS LEYTON, P.C. |
| 15 W. South Temple, Ste. 1200 | 11350 Random Hills Road |
| Gateway Tower West | Suite 400 |
| Salt Lake City, Utah 84101 | Fairfax, VA 22030 |
| Telephone: (801) 257-1900 | Telephone: (703) 934-2660 |
| Email: asullivan@swlaw.com | Email: sgombos@glpclaw.com |
| pshakespear@swlaw.com | gritzert@glpclaw.com |

Attorneys for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS AND NANNETTE WRIDE,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVENS-HENAGER COLLEGE, INC., a Utah corporation; CALIFORNIA COLLEGE SAN DIEGO, INC., a Utah corporation; COLLEGEAMERICA DENVER, INC., a Colorado corporation; COLLEGEAMERICA ARIZONA, INC., a Colorado corporation; CENTER FOR EXCELLENCE IN HIGHER EDUCATION, an Indiana corporation; CARL BARNEY, an individual; and DOES 1-500, INCLUSIVE, ET AL.,<br><br>Defendants. | NOTICE OF SUPPLEMENTAL AUTHORITY<br><br>CASE NO. 2:15-CV-00119-JNP-EHF<br><br>JUDGE JILL N. PARRISH<br><br>MAGISTRATE JUDGE EVELYN J. FURSE |

Defendants provide this notice to inform the Court of a decision by the Sixth Circuit overturning *U.S. ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 265 F. Supp. 2d 782 (M.D. Tenn. 2017), an opinion cited in Defendants' Motion to Dismiss the Government's Complaint in Intervention at pages 5, 18, 21, and 22. *U.S. ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 2018 U.S. App. LEXIS 15617 (6th Cir. June 11, 2018). Counsel for Defendants became aware of the decision on Saturday, June 16th, after filing the motion to dismiss (ECF 439), based upon an alert from LexisAdvance. For the reasons described below, the *Prather* decision does not alter the analysis in Defendants' Motion to Dismiss.

First, the general proposition for which *Prather* is cited in the motion to dismiss is supported by other cases from multiple circuits. *See* ECF 439 at 18 (quoting *U.S. ex rel. Ferris v. Afognak Native Corp.*, No. 15-cv-0150, 2016 U.S. Dist. LEXIS 188709 *3 (D. Alaska Sept. 28, 2016) ("The relator must allege some facts that show that the government actually does not pay claims if they involve the statutory violations in question."); *U.S. ex rel. Durkin v. Cty. of San Diego*, No. 15-cv-2674, 2018 U.S. Dist. LEXIS 5550 *39 (S.D. Cal. Jan. 11, 2018) (same);  *see also* ECF 439 (citing *U.S. ex rel. Schimelfenig v. Dr. Reddy's Labs*, No. 11-cv-4607, 2017 U.S. Dist. LEXIS 44064 *23 (E.D. Pa. Mar. 27, 2017) (noting the plaintiffs' failure to "allege an instance wherein the Government refused payment of a claim on the basis of noncompliance with [the relevant] requirements")); *U.S. ex rel. Scharff v. Camelot Counseling*, No. 13-cv-3791, 2016 U.S. Dist. LEXIS 133292 *25 (S.D.N.Y. Sept. 28, 2016) (same); *U.S. v. Casa de Md.*, PX-16-0475, 2018 U.S. Dist. LEXIS 37024 *17 (D. Md. Mar. 6, 2018) (same).

Second, to the extent this Court looks to the discussion of materiality in *Prather*, the dissenting opinion provides a much more persuasive analysis. *See* 2018 U.S. App. LEXIS 15617

1

(McKeague, J., dissenting) (beginning at *32). That analysis describes the heavy burden plaintiffs must meet to satisfy *Escobar*'s demanding materiality standard at the pleading stage. *Id.* at *46-47 ("[A] plaintiff *must* be able to explain, with particularity, if and how the specific violation would have influenced the government's payment decision."). It also reinforces that "[t]he government's payment habits are, by far, the best evidence of materiality," such that the failure to allege that the government regularly denies payment for noncompliance removes from the plaintiff the best predictor of materiality. *Id.* at *48, 63. The dissent also stresses the importance of federal courts respecting agency decision-making in False Claims Act cases, consistent with Defendants' motion to dismiss. *See id.* at *63-64 ("Judicial legislation always has pernicious consequences[.]"); *see also* ECF 439 at 6, 7 n.1, 14-15.

Finally, the sharp disagreement in *Prather* over what must be pled to support materiality underscores the "complex" issues *Escobar* presents in this case (*see* ECF 420 at 2), particularly when the Tenth Circuit has not yet addressed *Escobar*.

Aside from those key points, Defendants will address *Prather* in further detail in their reply brief, as necessary.

DATED this 18th day of June 2018.

                                                   SNELL & WILMER L.L.P.

                                                   _____
                                                   Alan L. Sullivan
                                                   Paul W. Shakespear

                                                   GOMBOS LEYTON, P.C.

                                                   /s/ Gerald M. Ritzert
                                                   Steven M. Gombos
                                                   Gerald M. Ritzert

3

*Counsel for Defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; CollegeAmerica Arizona, Inc.; Center for Excellence in Higher Education, Inc.; and Carl Barney*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2018, I served the foregoing document via the court's CM/ECF electronic filing system to all counsel of record, including the following:

Brandon J. Mark, bmark@parsonsbehle.com
Alissa M. Mellem, amellem@parsonsbehle.com
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
*Counsel for Relators Katie Brooks and Nannette Wride*

Jay D. Majors, jay.majors@usdoj.gov
John W. Black, john.w.black@usdoj.gov
U.S. Attorney's Office
U.S. Department of Justice
601 D Street, N.W., Room 9530
Washington, DC 20004

*Counsel for Plaintiff United States of America*

/s/ Gerald M. Ritzert
GERALD M. RITZERT