JOHN W. HUBER, United States Attorney (#7226)
SANDRA L. STEINVOORT, Assistant United States Attorney (#5352)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Sandra.Steinvoort@usdoj.gov

CHAD A. READLER, Acting Assistant Attorney General
MICHAEL D. GRANSTON, Director
ALLISON CENDALI, Assistant Director
JAY D. MAJORS, Trial Attorney
JOHN W. BLACK, Trial Attorney
U.S. Department of Justice, Civil Division
175 N Street NE
Washington, DC 20002
Telephone: (202) 307-0264
Jay.Majors@usdoj.gov

Attorneys for the United States

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE, <br><br> Plaintiffs, <br><br> vs. <br><br> STEVENS-HENAGER COLLEGE, INC., et al., <br><br> Defendants. | Case No. 2:15-cv-00119-JNP-EJF <br><br> **UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO TAKE JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201** <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Evelyn J. Furse |

The United States of America ("United States" or "Government"), through undersigned counsel, respectfully submits its Opposition to Defendants' Motion ("Mot.") for Leave to Take Judicial Notice Pursuant to Federal Rule of Evidence 201.

## INTRODUCTION

Defendants seek to introduce disputed, controversial evidence in support of their Motion to Dismiss the Government's Amended Complaint in the guise of judicial notice of adjudicative facts.  In doing so, Defendants seek to preclude the United States from introducing evidence controverting Defendants' one-sided reading of certain documents.  To be certain, Defendants request that the Court take judicial notice of the documents solely for the supposed truth contained therein, not for any "undisputed" facts.  Such an attempt is not envisioned by Federal Rule of Evidence 201, nor is it appropriate at the Motion to Dismiss stage.  The documents identified by Defendants will surely form the basis of their defense in this matter; the United States should be afforded the opportunity to provide context and testimony regarding the interpretation and intention of these documents.  The Court should deny Defendants' Motion.

## ARGUMENT

Defendants seek judicial notice of five documents: first, the so-called Hansen Memo, which Defendants claim sets forth official government policy as to the Incentive Compensation Ban (Mot. Ex. A); second, the so-called Mitchell Memo, which supposedly provides evidence that the Department of Education actually carried out the position of the Hansen Memo during the relevant time frame (Mot. Ex. B); last, three separate government reports – one by the Department of Education Office of Inspector General (Mot. Ex. C) and two by the General Accounting Office (Mot. Exs. D, E), each purporting to support Defendants' interpretation of the Hansen and Mitchell Memos.  The United States does not dispute the existence or the accuracy

of the reproduction of these documents; however, each document is being introduced for the supposed truth of the information contained therein and to convert disputed facts into judicially noticed undisputed facts.  If the Court were to take judicial notice for the implicit purpose Defendants seek, the United States would be precluded from introducing critical evidence regarding the scope, meaning, and application of the documents in question.  The Court should deny Defendants' request, or in the alternative, permit the United States to introduce evidence contradicting and clarifying the information set forth in the various documents.

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. Fed. R. Evid. 201(a).  Under Rule 201(b), "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Judicial notice acts "as a substitute for the conventional method of taking evidence to establish facts."  *Bain v. Cont'l Title Holding Co., Inc*., No. 16-2326, 2017 WL 264545, at *2 (D. Kan. Jan. 20, 2017) (citing *United States v. Iverson*, 818 F.3d 1015, 1030 (10th Cir. 2016) (additional citations omitted)).  "A high degree of indisputability is the essential prerequisite." Fed. R. Evid. 201(a) advisory committee note.

"Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)."  *Blume v. Meneley*, No. 11-2559, 2003 WL 21143108, at *1 (D. Kan. Mar. 31, 2003) (citation omitted).  "Judicial notice permits a judge to accept 'a matter as proved without requiring the party to offer evidence of it.'  Because taking judicial notice removes a party's evidentiary burden, the doctrine demands that a court only notice 'matters that are verifiable with certainty.'"  *Hammons v. Unified Gov't*

*Wyandotte Co.*, No. 12-2029 (Order, ECF No. 209) (D. Kan. July 25, 2016) (citing *United States*

*v. Estep*, 760 F.3d 1060, 1063 (10th Cir. 1985) (internal citations omitted)).

Even if the Court determines it is appropriate to take judicial notice of the existence of

the documents in question, "the documents may only be considered to show their contents, not to

prove the truth of matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir.

2006); *see also Magnuson v. Ocwen Loan Servicing, LLC*, No. 14-161, 2014 WL 3881626, at *2

(D. Utah Aug. 7, 2014) (taking judicial notice of existence of a Consent Order, but refusing to

take judicial notice of the "contents thereof in order to establish some fact or admission" by

defendant).

Indeed, this Court in its Order on Defendants' first motion to dismiss expressly denied an

almost identical request by Defendants "to take judicial notice of several documents that state

what they believe to be DOE's position on the materiality of Incentive Compensation Ban

violations." Order at 19 (ECF 245).[1]  As this Court recognized, "it would be improper for the

court to take judicial notice of these documents because Defendant Schools rely on them 'to

prove the truth of the matters asserted therein.'" *Id.* (quoting *Tal*, 453 F.3d at 1264-65 n.24).

Defendants' tactics have not changed, nor has their request.  There is no reason for the Court to

now reach a contrary decision, and Defendants provide none.

It is plain that Defendants seek to introduce these documents for the supposed truth

contained therein, which they claim supports their Motion to Dismiss the Government's

Amended Complaint in Intervention.  Defendants proffer, for instance, that the Hansen Memo

was a "publicly issued statement[] of policy unequivocally establishing [DOE's] intent to treat

---

[1] Defendants' first Motion (ECF 133) sought judicial notice of, among other things, the two GAO reports (Exs. D and E) they seek notice of here.

violations of the Incentive Compensation Ban (ICB) as mere regulatory violations—as opposed to a basis to require the return of Title IV funds." Mot. at 2. It is beyond doubt that Defendants' argument as to the Hansen Memo rests on disputed facts: namely, that it was (a) an official statement of policy; (b) that it established the intent of the DOE; and (c) that the intent of the DOE was to "treat violations of the ICB as mere regulatory violations." Nevertheless, Defendants seek judicial notice of the document for the purpose of establishing those very facts, which Defendants argue provide evidence of a supposed lack of materiality. The United States disagrees, and on summary judgment would introduce evidence establishing the context of the Hansen Memo and clarity regarding its interpretation. Notably, the most recent court to interpret the Hansen Memo disagrees with Defendants as well, finding explicitly that, despite the Hansen Memo, violations of the Incentive Compensation Ban were material to DOE for purposes of the False Claims Act. *See United States ex rel. Rose v. Stephens Inst.*, 2016 WL 5076214, *4 (N.D. Cal. 2016). Should the Court take judicial notice in the manner Defendants request, the Government would be deprived of the opportunity to introduce evidence of the intent behind the Hansen Memo, and more importantly the application of DOE policy regarding the ICB, which is wholly inappropriate at the motion to dismiss stage. *See Magnusson v. Ocwen Loan Servicing, LLC*, 2014 WL 3881626, *2 (D. Utah) (refusing to take judicial notice of disputed facts within a publicly available document).

Likewise, Defendants seek judicial notice of the Mitchell Memo for the sole purpose of establishing that the DOE "operated pursuant to" the policy set forth in the Hansen Memo until 2015. This too is in dispute, and the United States should be able to introduce testimony from DOE officials and other evidence establishing what DOE policy was, and when it began and ended. Granting Defendants' Motion would deny the Government that opportunity.

Perhaps recognizing that these two memoranda fail to paint a complete evidentiary picture, Defendants seek judicial notice of Exhibits C, D, and E, which are three separate Government reports which purportedly support Defendants' interpretation.  Again, Defendants' motive is clear: they wish to introduce evidence that "other government offices reviewed and confirmed that the Department operated pursuant to its policy as stated in the Hansen Memo" without affording the United States the ability to introduce evidence from those very Government agencies.  Plainly, these reports are being introduced for the supposed truth of the information contained therein.  This is not envisioned by Rule 201, and the Court should not sanction Defendants' attempt to circumvent the development of a full factual record.  *See Tal*.

At a minimum, should the Court be inclined to permit Defendants to introduce such disputed evidence as judicially noticed facts, the United States should be permitted to introduce evidence of its own.  The Court should have the benefit of a full record before endorsing one party's position as to the meaning of certain documents.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should deny Defendants' Motion for Leave to Take Judicial Notice Pursuant to Federal Rule of Evidence 201.

DATED this 9th day of July, 2018.


CHAD A. READLER
Acting Assistant Attorney General

JOHN W. HUBER
United States Attorney

/s/ Sandra L. Steinvoort
SANDRA L. STEINVOORT
Assistant United States Attorney (#5352)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Sandra.Steinvoort@usdoj.gov


MICHAEL D. GRANSTON, Director
ALLISON CENDALI, Assistant Director
JAY D. MAJORS, Trial Attorney
JOHN W. BLACK, Trial Attorney
U.S. Department of Justice, Civil Division
175 N Street NE
Washington, DC 20002
Telephone: (202) 307-0264
Jay.Majors@usdoj.gov

Attorneys for the United States

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of July, 2018, a true and correct copy of the foregoing United States' Opposition To Defendants' Motion for Leave to Take Judicial Notice Pursuant to Federal Rule of Evidence 201 was served via the court's CM/ECF electronic filing system to all counsel of record.

/s/  *John W. Black*