IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KATIE BROOKS and NANNETTE WRIDE, <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVENS-HENAGER COLLEGE, *et al.*, <br><br> *Defendants*. | **ORDER REQUESTING SUPPLEMENTAL BRIEFING** <br><br><br> Case No. 2:15-cv-119-JNP-EJF <br><br> District Judge Jill N. Parrish |

The court is concerned with the manner in which this case has been litigated. Relators Katie Brooks and Nannette Wride filed their complaint in early 2013. They named as defendants Stevens-Henager College, Inc.; California College San Diego, Inc.; CollegeAmerica Denver, Inc.; and CollegeAmerica Arizona, Inc. Towards the end of 2013, Relators amended their complaint, adding as defendants the Center for Excellence in Higher Education, Inc. and Carl Barney. Shortly thereafter, the Government filed a complaint in intervention. The Government named two defendants: Stevens-Henager College, Inc. and the Center for Excellence in Higher Education, Inc.

After the Government filed its complaint, Relators filed what they refer to as their second amended complaint, adding as defendants Shaw Mumford & Co., P.C.; Shaw & Co., P.C.; and Price Waterhouse Coopers LLP. Relators purported to "incorporate by reference" the Government's complaint in intervention and explained that their second amended complaint "alleges facts relating to and supporting" the complaint in intervention. Relators did, however,

acknowledge the "primacy of the government's complaint" to the extent that their second amended complaint alleged facts relating to claims upon which the Government intervened.

The Government elected to not intervene as to the new "claims" alleged in Relators' second amended complaint. The Government "respectfully referred the Court to 31 U.S.C. § 3730(b)(1)," which supposedly "allows [a] relator to maintain the non-intervened portion of the action in the name of the United States . . . ." Curiously, § 3730(b)(1) actually provides,

> A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

Nothing in § 3730(b)(1) suggests that a relator may maintain the non-intervened portion of an action in which the Government has intervened.

The Government, when it declined to intervene, "reserve[d] the right to seek the dismissal of the Relators' action or claim on any appropriate grounds . . . ." The case then proceeded with the Government pursing the claims alleged in its complaint in intervention and Relators pursing their "separate" claims. The court is concerned that the False Claims Act does not allow cases to proceed in this manner.

A relator may initiate a civil action "for the [relator] and for the United States Government." § 3730(b)(1). "The action shall be brought in the name of the Government." § 3730(b)(1). "There is one form of action—the civil action," Fed. R. Civ. P. 2, and "[a] civil action is commenced by filing a complaint with the court," Fed. R. Civ. P. 3; *see also Complaint*, Black's Law Dictionary (10th ed. 2014) ("The initial pleading that starts a civil action . . . ."). Put simply, a relator commences a civil action by filing a complaint with the court.

"A copy of the complaint and written disclosure of substantially all material evidence and information the [relator] possesses shall be served on the Government . . . ." § 3730(b)(2). "The

complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." § 3730(b)(2).

"The Government may elect to intervene and proceed with the action within 60 days after it received both the complaint and the material evidence and information." § 3730(b)(2). "The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal . . . ." § 3730(b)(3).

"Before the expiration of the 60-day period and any extensions obtained . . . , the Government *shall* (A) *proceed with the action*, in which case *the action shall be conducted by the Government*; or (B) notify the court that it declines to take over the action, *in which case the [relator] shall have the right to conduct the action*." § 3730(b)(4) (emphasis added).

"*If the Government elects not to proceed with the action*, the [relator] shall have the right to conduct the action." § 3730(c)(3) (emphasis added). "When a [relator] proceeds with the action, the court, without limiting the status and rights of the [relator], may nevertheless permit the Government to intervene at a later date upon a showing of good cause." § 3730(c)(3).

"If the Government proceeds with the action, it shall have the *primary responsibility for prosecuting the action*, and shall not be bound by an act of the [relator]." § 3730(c)(1) (emphasis added). "If the Government elects to intervene and proceed with an action . . . , the Government may file its own complaint or amend the complaint of [the relator] to clarify or add detail to the claims in which the Government is intervening and to add any additional claims with respect to which the Government contends it is entitled to relief." § 3731(c).

If the Government intervenes, the relator has "the right to continue as a party to the action," subject to certain limitations. § 3730(c)(1). Those limitations include but are not limited to "(i) limiting the number of witnesses the [relator] may call; (ii) limiting the length of the

3

testimony of such witnesses; (iii) limiting the [relator's] cross-examination of witnesses; [and] (iv) otherwise limiting the participation by the person in the litigation." § 3730(c)(2)(C).

The court may impose restrictions on the realtor if: (1) the Government shows that "unrestricted participation during the course of the litigation by the [relator] would interfere with or unduly delay the Government's prosecution of the case, or would be repetitious, irrelevant, or for the purpose[] of harassment," § 3730(c)(2)(C); or (2) the defendant shows that "unrestricted participation during the course of the litigation by the [relator] would be for purposes of harassment or would cause the defendant undue burden or unnecessary expense . . . ," § 3730(c)(2)(D).

Put simply, the plain language of the False Claims Act suggests that, after the Government intervenes, a relator has no right to conduct what is, in essence, a separate action by filing a separate complaint. When the Government intervenes, the Government must conduct the action. *See* § 3730(b)(4) ("[If the Government intervenes], the action shall be conducted by the Government."). The relator has the right to conduct the action *only if* the Government "declines to take over the action." § 3730(b)(4); *see also* § 3730(c)(3) ("If the Government elects not to proceed with the action, the [relator] shall have the right to conduct the action.").

When the Government intervenes, relators have the right to "continue as a party to the action." § 3730(c)(1). But the right to "continue as a party to the action" does not seem to encompass the right to conduct, in essence, a separate action by amending previously filed complaints, naming additional defendants, and asserting additional causes of action. The plain language of the False Claims Act suggests that these rights belong to the party that conducts the action. Indeed, the Government, if it intervenes, has "the primary responsibility for prosecuting the action." § 3730(c)(1). If the Government is primarily responsible for prosecuting the action

4

and it is the party conducting the action, the Government—not the realtor—must necessarily determine which claims are in and which are out and who is named as a defendant. What else could it mean to have the primary responsibility for prosecuting an action? If relators are allowed to assert additional causes of action and name additional defendants wouldn't they, too, have the primary responsibility for prosecuting their "separate" action?

Section 3730(c)(2)(C) contemplates the types of rights that a relator would have as a "party to the action." For instance, if the Government intervened, the relator could call witnesses and cross-examine witnesses. *See* § 3730(c)(2)(C). But noticeably absent from § 3730(c)(2)(C) is anything suggesting that the right to "continue as a party to the action" encompasses the right to name additional defendants and assert additional causes of action. Congress would have likely noted that the court could limit the number of defendants named by a relator *if*, of course, Congress contemplated that a relator could name additional defendants after the Government intervened. And wouldn't Congress have noted that a court could limit a relator's causes of action if Congress contemplated that a relator could assert additional causes of action *after* the Government intervened?

Section 3730(c)(2)(D) further undermines the idea that a realtor, as a "party to the action," can pursue causes of action that are not alleged in the Government's complaint. That section provides that the court may limit a relator's "participation during the course of the litigation" if the defendant shows that the relator's participation "would cause the defendant undue burden or unnecessary expense." § 3730(c)(2)(D). This section makes little sense if a relator could assert additional causes of action and name additional defendants *after* the Government has intervened.

Assume, as is the case here, that a relator named an additional defendant after the Government intervened. Could that defendant then argue that the realtor's "participation" (*i.e.*, naming an additional defendant) causes the defendant "undue burden" and "unnecessary expense." § 3730(2)(D). The defendant would not have been a party to the case *but for* the relator's "participation." If a relator had the right to name additional defendants and assert additional causes of action, courts would be put in the curious position of evaluating these types of arguments. *See United States ex rel. Landis v. Tailwind Sports Corp.*, 51 F. Supp. 3d 9, 28–29 (D.D.C. 2014) (stating, without any authority, that the False Claims Act permits the "government and a relator to simultaneously prosecute the action" and attempting to determine whether the similarity of the legal theories advanced by the Government and the relator "alleviates the potential burden caused by the *relator's continued prosecution of this action*" (emphasis added)). Consequently, the language of § 3730(c)(2)(D) suggests that a realtor's participation as a party to the action is more limited (*e.g.*, calling and cross-examining witnesses). Put simply, § 3730(c)(2)(D) suggests that the right to "continue as a party" does not include a right to amend a complaint, name additional defendants, and assert additional causes of action.

Other provisions in § 3730 suggest that a relator has no right to assert additional causes of action or name additional defendants after the Government has intervened. *First*, consider the sections that deal with awards to the relator. Section 3730(d)(1) provides that "[i]f the Government *proceeds with an action* brought by a person under subsection (b), such person shall . . . receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim . . . ." (emphasis added). Section 3730(d)(2) provides that "[i]f the Government does *not proceed with an action* under this section, the [relator] . . . shall receive . . . not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement

. . . ." (emphasis added). Put simply, a realtor's potential award changes depending on whether the Government intervenes *in the action*—the potential award does not change based on whether the relator prevails on certain claims upon which the Government has not intervened.

Relators, in their fourth amended complaint, request that "to the extent that the United States Government has not intervened in this action, [they] be awarded an amount that the Court decides is reasonable, which is not less than 25% nor more than 30% of the proceeds of any award or settlement for those claims." But the False Claims Act unambiguously provides that Realtors would be entitled to "at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim" because the Government has "proceed[ed] with [the] action." § 3730(d)(1). There is nothing in the False Claims Act that suggests that a relator can pursue causes of action that are separate and apart from the Government's and recover an increased award based on those causes of action. The structure of § 3730(d)(1) and (2) undermines the idea that the Government can intervene as to certain claims, leaving the relator to pursue the remaining claims with his or her own complaint.

*Second*, consider the provisions dealing with an award of attorneys' fees to the defendant. "If the Government does not proceed with the action and the [realtor] conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the [relator] was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." § 3730(d)(4). In this case, the Government has proceeded with the action, but Relators have named additional defendants and asserted additional causes of action. If the Relators' claims are clearly frivolous, are defendants precluded from recovering attorneys' fees because the Government has "proceed[ed]

7

with the action"? Or is it the case that a relator loses the right to assert additional claims and name additional defendants when the Government "proceed[s] with the action"?

Section 3730(d)(4), the provision dealing with attorneys' fees, clearly contemplates that the Government intervenes as to the entire action, not certain claims. If the Government intervenes in the action, defendants are precluded from recovering attorneys' fees entirely. But if the Government declines to intervene, relators run the risk that they will be on the hook for the defendants' attorneys' fees. And this makes sense. When the Government intervenes, it has the primary responsibility for conducting the action, and the Government presumably elected to intervene because the action has merit. Congress likely envisioned that the Government would intervene in those cases with merit, as opposed to those that are frivolous. *See also United States ex rel. Einstein v. City of New York*, 556 U.S. 928, (2009) (Thomas, J.) ("Congress expressly gave the United States discretion to intervene in [False Claims Act] actions—a decision that requires consideration of the costs and benefits of party status."). But if relators, after the Government intervenes, are allowed to continue to name additional defendants and assert additional causes of action, § 3730(d)(4) is undermined—because defendants would be precluded entirely from recovering attorneys' fees incurred as a result of a realtor whose claims may be frivolous.

*Third*, consider the provision dealing with settlement. "The Government may settle the action with the defendant notwithstanding the objections of the [relator] if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances." § 3730(c)(2)(A). Put simply, the Government may settle an action in which it has intervened and one in which it has not. Nothing in this provision, however, suggests that the Government settles the claims upon which it intervened while a relator settles its "separate"

claims. Obviously, there would be little incentive for a defendant to settle with the Government if a relator insists on pursuing his or her separate claims.

*Fourth*, consider the False Claims Act's statute of limitations. "*A civil action* under section 3730 may not be brought (1) more than 6 years after the date on which the violation of section 3729 is committed, or (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last." § 3731(b) (emphasis added).

The Tenth Circuit has held that § 3731(b)(2) "was not intended to apply to private qui tam relators." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 725 (10th Cir. 2006). So only the six-year statute of limitations found at § 3731(b)(1) "applies to *actions* pursued by private qui tam relators." *United States ex rel. Told v. Interwest Const. Co.*, 267 F. App'x 807, 809 (10th Cir. 2008) (emphasis added); *see also Sikkenga*, 472 F.3d at 725–26. Put simply, the Tenth Circuit's interpretation of § 3731 suggests that either the relator or the Government pursues the action, not both. Indeed, it is the *action*, not separate causes of action, that would be extinguished under § 3731(b). The plain language of § 3731 and the Tenth Circuit's interpretation of that section would be significantly undermined if certain claims could be time barred, because a relator is pursuing those claims, while similar claims are not time barred, because the Government is pursuing those claims. Put simply, § 3731 covers "civil action[s]," not separate claims. This strongly suggests that the Government intervenes in the entire action and must decide which claims are a part of the action.

9

In sum, the plain language of the False Claims Act provides that the Government, if it intervenes, must conduct *the action*, not certain causes of action, and that the Government has "the primary responsibility for prosecuting the action." The court has not been able to identify anything in the False Claims Act to suggest that a relator may name additional defendants and assert additional causes of action *after* the Government has intervened—relators would also have the "primary responsibility for prosecuting the action" if they had these rights. These rights must necessarily belong to the party with "the primary responsibility for prosecuting the action," and there is only one party with that can have the primary responsibility for conducting the action. Accordingly, the court is concerned that Relators' so-called second amended complaint had no legal effect. The Government had intervened by filing its complaint in intervention and that became the operative pleading—Relators, at that point, lost their rights to amend pleadings, name new defendants, and assert additional causes of action.

There are few cases in which this issue is discussed. In *In re Pharm. Indus. Average Wholesale Price Litig.*, No. 01-12257-PBS, 2007 WL 4287572, at *4 (D. Mass. Dec. 6, 2007), the court dismissed a relator's complaint because, once the Government has intervened, "the realtor has no separate free-standing [False Claims Act] cause of action." "The nature of the [False Claims Act] dictates that 'there is one claim, the government's.'" *Id.* (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 910 (9th Cir. 1998).

In *United States ex rel. Magee v. Lockheed Martin Corp.*, No. 1:09CV324-HSO-JMR, 2010 WL 972214, at *2–3 (S.D. Miss. Mar. 12, 2010), the court held that a realtor could pursue claims against a defendant not named in the Government's complaint in intervention. The court, however, made no attempt to square this holding with the language of § 3730(c)(1), which provides that the Government acquires primary responsibility for prosecuting the action

following intervention. *See id.* Other cases have reached the same result.[1] These cases, however, merely assumed that the Government has the right to "partially" intervene, allowing the relator to pursue "separate" causes of action with his or her own complaint and did not analyze the plain language of the False Claims Act, which suggests that no such right exists. § 3730(b)(4). The Government either "proceed[s] with the action" or it does not. § 3730(b)(4).

The court is also concerned that the False Claims Act potentially violates the "take Care" clause Article II of the U.S. Constitution to the extent that it allows private citizens to prosecute claims on behalf of the Government. *See Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 778 n.8 (2000) (Scalia, J.) ("[W]e express no view on the question whether qui tam suits violate Article II, in particular . . . the "take Care" Clause of § 3."); *United States ex rel. Polukoff v. St. Mark's Hosp.*, No. 17-4014, --- F.3d ---, 2018 WL 3340513, at *7 (10th Cir. July 9, 2018) ("Of particular note, . . . , [appellee] argued that the qui tam provisions of the [False Claims Act] violate Article II of the U.S. Constitution."); John T. Boese & Douglas W. Baruch, *Constitutional Challenges to the FCA's Qui Tam Mechanism: Ripe for Revival?*, 16–18 (Feb. 2018) (attached as Ex. A); Br. Appelles Intermountain Healthcare, Inc. & Intermountain Med. Ctr. at 55–63, *Polukoff*, *supra* (attached as Ex. B); *but see United States ex rel. Stone v.*

---

[1] *See Federal Recovery Servs. Inc. v. United States*, 72 F.3d 447, 450 n.1 (5th Cir. 1995) (stating, in a footnote with no analysis, that "[a]lthough the United States' intervention vested it with control of the litigation against [one defendant], [relator] retained authority to proceed against [another defendant] *on its own*" (emphasis added)); *United States v. Public Warehousing Co. K.S.C.*, 242 F. Supp. 3d 1351, 1357 (N.D. Ga. 2017); *United States ex rel. Becker v. Tools & Metals, Inc.*, Nos. 3:05-CV-0627-L, 3:05-CV-2301-L, 2009 WL 855651, at *9 (N.D. Tex. Mar. 31, 2009) ("Accordingly, this court joins other courts that have held that realtors are entitled to proceed on their claims when the government only partially intervenes."); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1347 (E.D. Mo. 1996) ("In this case, the government has intervened with respect to all of [relator's] claims but three. There is nothing in the [False Claims Act] which prevents the relator from pursuing these claims."); *Juliano v. Fed. Asset Disposition Ass'n*, 736 F. Supp. 348, 353 (D.D.C. 1990) ("The government has filed notice that it does not intend to proceed against these defendants. By law, qui tam plaintiff retains the right to proceed against them.").

*Rockwell Int'l Corp.*, 282 F.3d 787, 806 (10th Cir. 2002); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753–57 (5th Cir 2001) (en banc); *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1041 (6th Cir. 1994); *United States ex rel. Kelley v. Boeing Co.*, 9 F.3d 743, 753–54 (9th Cir. 1993); *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155 (2d Cir. 1993).

Accordingly, the court requests supplemental briefing on the following issues:

1. Whether a relator may file his or her own amended complaint after the Government has elected to intervene and proceed with the action.

2. Whether Relators' second, third, and fourth amended complaint have any legal effect.

3. Assuming that Relators' fourth amended complaint has legal effect, whether the court could dismiss that complaint if the defendants show that Relators' "unrestricted participation" in the action causes the defendants "undue burden or unnecessary expenses."

4. Whether the False Claims Act violates the "take Care" clause of Article II of the U.S. Constitution to the extent that it allows private citizens to prosecute actions on behalf of the Government, after the Government has declined to intervene.

5. What oversight, if any, has the Government exercised over the manner in which Relators' have prosecuted their "separate" claims?

All parties are ORDERED to submit simultaneous briefs on these questions on Thursday, August 16, 2018. Such briefs shall not exceed twenty pages. No extensions of time will be granted.

Signed August 2, 2018.

                                      BY THE COURT

                                      _____
                                      Jill N. Parrish
                                      United States District Court Judge