JOHN W. HUBER, United States Attorney (#7226)
SANDRA STEINVOORT, Assistant United States Attorney (#5352)
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Sandra.Steinvoort@usdoj.gov

JOSEPH H. HUNT, Assistant Attorney General
MICHAEL D. GRANSTON, Director
ALLISON CENDALI, Assistant Director
JAY D. MAJORS, Trial Attorney
JOHN W. BLACK, Trial Attorney
U.S. Department of Justice, Civil Division
175 N Street NE
Washington, DC 20002
Telephone: (202) 307-0264
Jay.Majors@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATIE BROOKS and NANNETTE WRIDE,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVENS-HENAGER COLLEGE, INC., et al.,<br><br>Defendants. | Case No. 2:15-cv-00119-JNP-EJF<br><br>**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Pursuant to DUCivR 7-1(b)(4), the United States hereby submits this Notice of Supplemental Authority in support of its Opposition to Defendants' Motion to Dismiss its First Amended Complaint In Intervention. On August 24, 2018, the United States Court of Appeals

for the Ninth Circuit, acting on interlocutory appeal, issued a ruling in *United States ex rel. Rose v. Stephens Institute*, Case No. 17-15111, --- F.3d ---, 2018 WL 4038194 (9th Cir. Aug. 24, 2018), which affirmed the district court's denial of the defendant's motion for summary judgment, in a case alleging violation of the incentive compensation provisions of the Higher Education Act. In doing so, the Ninth Circuit construed aspects of the falsity and materiality elements of the False Claims Act (FCA), 31 U.S.C. §§ 3729-33, using the framework established by *Universal Health Services, Inc. v. United States ex rel. Escobar*, --- U.S. ---, 136 S.Ct. 1989, 195 L.Ed.2d 348 (2016).

The *Rose* decision is relevant to the arguments raised in the United States' Opposition brief arguing that the United States has properly alleged materiality as to its false certification claims. U.S. Opp'n, at 18-19. Specifically, *Rose* rejected the argument that materiality, in the context of an alleged FCA cause of action arising from a violation of a school's Program Participation Agreement with the Department of Education, requires a showing that the Department has taken the specific action of terminating schools from access to Title IV funds. *Rose* held that materiality can be demonstrated even where an agency has not terminated funding in similar cases. *Rose*, 2018 WL 403819418, at *7. Summary judgment on materiality was denied because the relators showed that the Department of Education had a history of corrective action, fines, and partial recoupment in similar cases. *Id*. Based on the record before it, the Ninth Circuit concluded that there was evidence "that the Department did care about violations of the incentive compensation ban and did not allow schools simply to continue violating the ban while receiving Title IV funds" and that "through one means or another, the Department recouped

many millions of dollars from the violating schools, showing that it was not prepared to pay claims 'in full' despite knowing of violations of the incentive compensation ban." *Id.* at *8.

The United States notes that a partial dissent in *Rose* argued that the relators had not adequately shown materiality. The dissent argued that *Escobar*'s multi-factor inquiry to examine materiality imposed a new materiality analysis than that employed in *United States ex rel. Hendow v. University of Phoenix*, 461 F.3d 1166, 1175 (9th Cir. 2006), which focused on the single condition-of-payment factor. *See Rose*, 2018 WL 4038194 at *9. It further argued that the majority ignored *Escobar*'s statement that the materiality test must be a "rigorous" and "demanding" inquiry into whether the government "would" attach importance to the misrepresentation. *Id.* at *10. Applying that standard, the dissent would have held that the relators' general showing of the agency's adverse action in other cases was not sufficiently specific to determine whether the agency would have considered the violation in this particular case to be material. *Id.* at *11. The dissent would have remanded the case for further discovery on this issue. *Id.* at *12. The United States respectfully points the Court to its Opposition brief addressing each of the *Escobar* factors pertaining to materiality. *See* U.S. Opp'n at 9-19.

DATED this 6th day of September, 2018.

                                            JOSEPH H. HUNT
                                            Assistant Attorney General

                                            JOHN W. HUBER
                                            United States Attorney

                                            /s/ *Sandra L. Steinvoort*
                                            SANDRA L. STEINVOORT
                                            Assistant United States Attorney

MICHAEL D. GRANSTON, Director
ALLISON CENDALI, Assistant Director
JAY D. MAJORS, Trial Attorney
JOHN W. BLACK, Trial Attorney
U.S. Department of Justice, Civil Division
175 N Street NE
Washington, DC 20002
Telephone: (202) 307-0264
Jay.Majors@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, a true and correct copy of the foregoing United States' Notice Of Supplemental Authority Regarding Its Opposition To Defendants' Motion To Dismiss was served via the court's CM/ECF electronic filing system to all counsel of record.

/s/ *Sandra L. Steinvoort*